**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| BAKER HUGHES INCORPORATED | § § | |
| Plaintiff, | § § | Civil Action No. _____ |
| v. | § § | |
| THOR'S OIL PRODUCTS, INC., and MICHAEL UHRYN, individually and d/b/a Thor's Oil Products, Inc., | § § § § | **PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND** |
| Defendants. | § | |

Baker Hughes Incorporated ("Baker Hughes" or "Plaintiff") files this, its Original Complaint, against Thor's Oil Products, Inc. and Michael Uhryn in his individual capacity and in his capacity doing business as Thor's Oil Product and would respectfully show the Court as follows:

**I.
PARTIES**

1.   Plaintiff Baker Hughes Incorporated is a Delaware corporation with its principal place of business in Houston, Texas.

2.   Prior to August 7, 2014, Defendant Thor's Oil Products, Inc. was a North Dakota corporation doing business in the State of North Dakota. Defendant Thor's Oil Products, Inc. lists its principal place of business located at 2308 8th Ave E, Williston, North Dakota 58801-6224 and listed its registered agent as the Secretary of State of North Dakota, 600 E Boulevard Avenue, Bismarck, North Dakota 58505-0500. Thor's Oil may also be served through its President, Michael Uhryn, at Thor's Oil's principal place of business located at 2308 8th Ave E, Williston, North Dakota 58801-6224.

3.   Upon information and belief, Defendant Michael Uhryn is a non-resident alien and the sole employee and former President of defendant Thor's Oil Products, Inc. Upon information

1

and belief, Defendant Uhryn may be found at 911 Rabbitt Hill Rd NW 203, Edmonton, AB T6R2S7; 830 Lee Ridge Road NW Edmonton, AB T6KOP8; or 4809 50 Avenue #A, Leduc, AB T9E6X8.

4. Upon information and belief, defendant Michael Uhryn also is doing business individually and/or as Thor's Oil Products, Inc., having a principal place of business at 2308 8th Ave E, Williston, North Dakota 58801-6224.

## II.
## JURISDICTION AND VENUE

5. The United States District Court for the District of North Dakota has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1331 in that this matter is a civil action arising under the Constitution, laws, or treaties of the United States. This action involves federal trademark rights, federal Lanham Act violations, and other federal causes of action. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendants conducted and continue to conduct business in this Judicial District, and a substantial part Defendants' acts and conduct giving rise to the claims herein occurred in this Judicial District.

7. Further, as a non-resident alien, venue is proper anywhere against defendant Uhryn pursuant to 28 U.S.C. § 1391(c)(3).

## III.
## FACTUAL BACKGROUND

8. Baker Hughes owns U.S. Trademark Registration No. 4,357,877, issued June 25, 2013 for the mark LITEPROP® for proppants for use in oil well and gas well hydraulic fracturing operations. A true and correct copy of U.S. Trademark Registration No. 4,357,877 is attached

hereto as Exhibit A and is incorporated herein.  U.S. Trademark Registration No. 4,357,877 is valid, subsisting, and in full force and effect.

9. As set forth above, the trademark LITEPROP® is associated exclusively with Baker Hughes for proppants for use in oil well and gas well hydraulic fracturing operations.  Baker Hughes has used the trademark LITEPROP® in interstate commerce continuously since at least as early as 2003.  As a result of Baker Hughes' marketing of its products and the extensive advertising and other business generation efforts to promote its products associated with the trademark LITEPROP®, the trademark LITEPROP® has become well-known throughout North Dakota, the United States, and globally as identifying Baker Hughes' proppants.  Customers and potential customers in these areas have come to identify proppants associated with the trademark LITEPROP® as originating from Baker Hughes.  Consequently, Baker Hughes has developed substantial recognition among the consuming public for its proppants sold under its trademark LITEPROP® and has acquired and enjoys a valuable reputation and significant goodwill associated with its trademark LITEPROP® and products sold under its trademark LITEPROP®.

10. Baker Hughes' use of the trademark LITEPROP® in the oil well and gas well hydraulic fracturing operations industry has been exclusive.  As a result of this exclusive use of the trademark LITEPROP®, there is substantial recognition and association of the trademark LITEPROP® with Baker Hughes by the relevant public for proppants.

11. Defendant Thor's Oil and defendant Uhryn are proppant suppliers that, per their website located at URL http://www.thorsoil.com ("Defendants' Website"), "services the United States and Canada."  In so servicing the United States and Canada, Baker Hughes learned that Defendants have been and are selling and offering for sale proppants for use in oil well and gas well hydraulic fracturing operations that are branded with Baker Hughes' federally registered trademark LITEPROP® as evidenced by Defendant's brochure, a true and correct copy of which is attached

3

hereto as Exhibit B, as well as on Defendant's Website.  On information and belief, Defendant has in the past obtained LITEPROP-branded and MIDPROP-branded proppants from a company in China.  Defendants then imported such proppants into the United States for sale and use in North Dakota and other areas in the United States.  Defendants' LITEPROP-branded and MIDPROP-branded proppants are not authorized or otherwise approved of by Baker Hughes and, therefore, are not authentic LITEPROP®-branded proppants.  In particular, Baker Hughes did not manufacture, produce, or inspect the Defendants' proppants and did not approve the Defendants' proppants for sale and/or distribution.  As Defendant has used a mark that is identical to Baker Hughes' federally registered mark LITEPROP®, the LITEPROP-branded proppants being imported, offered for sale, and sold by Defendant are counterfeit ("Counterfeit Products").  Further, Defendant's MIDPROP-branded proppants are likely to cause confusion as to the source of those proppants.

12. On or about November 21, 2013, Baker Hughes advised the then President of Defendant Thor's Oil of Baker Hughes' rights to the mark LITEPROP® and expressly requested that Defendant Thor's Oil immediately cease and desist from continued use of the marks LITEPROP and MIDPROP.  Attached hereto as Exhibit C is a true and correct copy of Baker Hughes' letter to Defendant Thor's Oil.  Thus, since at least as early as November 21, 2013, Defendant Thor's Oil has been actually aware of Baker Hughes' federal registration, and claim of ownership, of its mark LITEPROP®.

13. Contemporaneously, with sending to Defendant Thor's Oil the letter of Exhibit C, Baker Hughes also advised Defendant Thor's Oil supplier in China of Baker Hughes' trademark rights in the mark LITEPROP and demanded that the Chinese supplier immediate cease and desist from using the mark LITEPROP and MIDPROP.  In response, the Chinese supplier complied with Baker Hughes' demand.

14.     Defendant Thor's Oil, however, did not fully comply with Baker Hughes' demand. Although Defendant Thor's Oil advised Baker Hughes that it had removed its brochure of Exhibit B from its website, Defendant did not remove from its website located at URL http://thorsoil.com/flash4all-advanced-flv-mp4-mov-player/index.html a video that promoted and offered to the public LITEPROP-branded and MIDPROP-branded proppants ("Defendants' Website"). Indeed, as of the date of filing this Complaint, Defendants' website states on the opening two screens:

> Thor's Oil Products, Inc.
> High quality ceramic proppant
>> Thor's LiteProp is a low density ceramic proppant with high effective conductivity
>>
>> Thor's MidProp – intermediate density proppant With excellent crush resistance.

Over the subsequent few frames of the video, Defendants touts the supposed qualities and characteristics of Defendants' "LiteProp" and "MidProp" ceramic proppants and then states that: "Our aim is to provide total solutions to the client, always respecting the client's needs and business demands. Our relationship with customers will be honest and long term."

15.     According the ICANN WhoIs database, Defendant Uhryn is currently identified as the Registrant, Admin contact and Tech contact for the THORSOIL.COM URL, which URL is being used to advertise the LITEPROP-branded and MIDPROP-branded proppants.

16.     Thus, first in January 2014, and again as recently as July 2015, Baker Hughes contacted Defendants and again demanded that Defendants remove from its website the video promoting and offering to the public Defendants' LITEPROP-branded and MIDPROP-branded proppants or to otherwise remove the infringing marks from the video. To date, Defendants have failed to comply with Baker Hughes' demand. In fact, and to the contrary, Defendant Uhryn expressly advised Baker Hughes that it would not stop its use of Baker Hughes' federally registered

mark LITEPROP and the confusingly similar term MIDPROP. As a result, Baker Hughes was required to file this Complaint.

17. In light of the foregoing, Defendants, without authorization or license from Baker Hughes, has knowingly and willfully imported, purchased, advertised, offered for sale, and sold counterfeit and otherwise infringing proppants. Further, Defendants' use of the mark LITEPROP® and term MIDPROP on or in connection with the advertising, marketing, distribution, offering for sale and sale of the Counterfeit Products and the MIDPROP-branded products is likely to cause confusion among consumers who are likely to be deceived or mislead consumers into believing they are buying genuine, authorized LITEPROP®-branded products. As a result of the foregoing, Defendants' importation, advertisement, promotion, distribution, offer for sale, and sale of proppants under a mark that is identical to, or confusingly similar with, Baker Hughes' mark LITEPROP® and, thereby, has infringed and is infringing upon Baker Hughes' trademark rights.

## COUNT ONE

### FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. § 1114)

18. Baker Hughes repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

19. Baker Hughes' registered mark LITEPROP® and the goodwill of the businesses and products associated with them in the United States and throughout the world is of great and incalculable value, is highly distinctive and arbitrary as used on or in connection with Baker Hughes' products and services, and associate in the public mind with products of Baker Hughes.

20. Without Baker Hughes' authorization or consent, and having knowledge of Baker Hughes' prior rights in Baker Hughes' federally registered mark, as evidenced by the fact that Defendants, and each of them, have and continue to offer for sale and sell the Counterfeit Products

bearing Baker Hughes' mark LITEPROP®, Defendants have imported and/or arranged for import, manufactured, distributed, offered for sale, and/or sold the Counterfeit Products to the consuming public in direct competition with Baker Hughes' sale of genuine LITEPROP®-branded products, in or affecting interstate commerce.

21.     Defendants have distributed and sold the Counterfeit Products as genuine LITEPROP®-branded products when they are not genuine LITEPROP®-branded products.

22.     Defendants' use of copies or simulations of Baker Hughes' mark LITEPROP® is likely to cause and has caused confusion, mistake and deception among the purchasing public as to the origin of the Counterfeit Products, and is likely to deceive the public into believing the Counterfeit Products being sold by Defendants originate from, are associated with or are otherwise authorized by Baker Hughes, all to the damage and detriment of Baker Hughes' reputation, goodwill and sales.

23.     Baker Hughes is without an adequate remedy at law and has suffered irreparable harm and injury to its goodwill and reputation.

24.     As a result of Defendants' activities, Baker Hughes has been damaged in an amount to be ascertained.  Baker Hughes seeks an accounting and its actual and consequential damages resulting from Defendant's infringing acts.  Moreover, Baker Hughes seeks punitive, additional, and enhanced damages from Defendants.  In addition, or in the alternative, Baker Hughes seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117(c).

## COUNT TWO

### UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

25. Baker Hughes repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

26. The Counterfeit Products as well Defendants' MIDPROP-branded products sold and offered for sale by Defendants are of the same general nature and type as Baker Hughes's LITEPROP®-branded products sold and offered for sale by Baker Hughes and, as such, Defendants' use is likely to cause confusion to the general purchasing public.

27. By misappropriating and using Baker Hughes' mark LITEPROP®, Defendants misrepresented and falsely described to the public the origin and source of the Counterfeit Products as well as Defendants' MIDPROP-branded products which creates a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of such products.

28. Defendants' unlawful, unauthorized and unlicensed importation, manufacture, distribution, offer for sale and/or sale of Defendant's Counterfeit Products and its MIDPROP-branded products creates express and implied misrepresentations that the Counterfeit Products and the MIDPROP-branded products were created, authorized or approved by Baker Hughes, all to Defendant's profit and to Baker Hughes' damage and injury.

29. Defendants' aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of Baker Hughes' mark LITEPROP®, as well as a mark confusingly similar to Baker Hughes' mark LITEPROP® in connection with its goods and services, in interstate commerce constitutes a false designation of origin and unfair competition.

30. Baker Hughes is without an adequate remedy at law and Baker Hughes has suffered irreparable harm and injury to its goodwill and reputation.

31. As a result of Defendants' activities, Baker Hughes has been damaged in an amount to be ascertained. Baker Hughes seeks an accounting and its actual and consequential damages resulting from Defendants' infringing acts. Moreover, Baker Hughes seeks punitive, additional, and enhanced damages from Defendants. In addition, or in the alternative, Baker Hughes seeks recovery of the maximum amount of statutory damages as permitted by 15 U.S.C. § 1117(c).

## COUNT THREE

## DECEPTIVE ACTS AND PRACTICES UNDER NORTH DAKOTA LAW

32. Baker Hughes repeats and re-alleges the preceding allegations of this Complaint as if fully set forth herein.

33. The Unlawful Sales or Advertising Act prohibits "[t]he act, use or employment by any person of any deceptive act or practice, false pretense, false promise, or misrepresentation, with the intent that other rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damage thereby …."

34. Proppants constitute "merchandise" under the Unlawful Sales or Advertising Practices Acts.

35. Defendants acts constitute deceptive acts or practices by knowingly appropriating, retaining and using a confusingly similar trademark in violation of N.D.C.C. §51-15-02 et seq.

36. By these deceptive acts or practices, defendants knowingly misrepresented to the consuming public that there is a continuing association or affiliation between Baker Hughes and defendants and have confused the consuming public into believing the source or sponsor of defendants' goods is Baker Hughes.

37. Defendants have knowingly engaged in these deceptive acts or practices with the intent that others rely thereon in connection with defendants advertisements and promotion of its goods.

38. Upon information and belief, defendants have each profited from the goods provided to customers who were confused as to the source of the goods provided based on the use by defendants of a confusingly similar trademark.

39. Baker Hughes has suffered and will continue to suffer injury and damage in an amount yet to be determined. The deceptive acts and practices by defendants have resulted in substantial unjust profits and unjust enrichment on the part of defendants in an amount yet to be determined. Such deceptive acts and practices have caused harm to Baker Hughes.

### REQUEST FOR MONETARY RELIEF, TREBLE DAMAGES AND ATTORNEYS' FEES AND COSTS

40. Baker Hughes repeats and re-alleges the preceding allegations of this Complaint as if fully set forth herein.

41. The acts of Defendants complained of above have resulted in trademark infringement and unfair competition. Accordingly, pursuant to 15 U.S.C. § 1117(a), Baker Hughes is entitled to recover from Defendants, jointly and severally, 1) Defendants' profits; 2) any damages sustained as a result of Defendants' infringing acts; and 3) the costs associated with these causes of action. In addition, or in the alternative, Baker Hughes is entitled to recover statutory damages pursuant to 15 U.S.C. § 1117(c). In addition, or in the alternative, Baker Hughes is entitled to recover damages permissible under the laws of the State of North Dakota.

42. Moreover, Baker Hughes is entitled to an award of treble damages, as well as an award of punitive damages, pursuant to 15 U.S.C. § 1117(b) as a result of the extenuating circumstances of this case, Defendants' intentional use of the mark LITEPROP®, and its gross,

wanton, and/or willful conduct.  In addition, or alternatively, Baker Hughes seeks maximum statutory damages as permitted by 15 U.S.C. § 1117(c).

43. Furthermore, as a result of Defendants' actions, Baker Hughes has been required to retain the services of counsel to represent it in this matter, and it has been forced to incur and is presently incurring attorney fees to enforce its trademark rights.  These fees and expenses are necessary and reasonable to prosecute this matter.  Accordingly, Baker Hughes requests that it be granted an award of attorney fees and costs as a result of Defendants' actions.

**DEMAND FOR JURY TRIAL**

Baker Hughes demands a trial by jury on all claims and issues.

**PRAYER**

WHEREFORE, Baker Hughes Incorporated prays for entry of judgment:

a. finding that Defendants have infringed Baker Hughes Incorporated's federally registered mark LITEPROP® by distributing and selling the Counterfeit Products as genuine LITEPROP®-branded products when they are not genuine LITEPROP®;

b. finding that Defendants have infringed Baker Hughes' federally registered mark LITEPROP® by distributing and selling the MIDPROP-branded products;

c. finding that Defendants have falsely and intentionally mislead consumers by directly or indirectly representing that the Counterfeit Products, as well as the Defendants' MIDPROP-branded products, were endorsed by, sponsored by, or affiliated with Baker Hughes Incorporated;

d. finding that Defendants have engaged in deceptive acts and practices in violation of North Dakota law;

e. enjoining Defendants, its officers, directors, agents, employees, representatives, affiliates, servants, attorneys, successors, assigns, if any, and those in privity or active concert or participation with them from further acts that would amount to infringement of Baker Hughes Incorporated's federally registered mark LITEPROP® as well as Baker Hughes Incorporated's common law trademark rights in the mark LITEPROP®, or unfair competition;

f. awarding Baker Hughes Incorporated all damages caused by the acts of Defendants and all profits of Defendants from acts complained of, and/or all costs to Baker Hughes Incorporated caused by Defendant's activities complained of herein;

g. trebling the damages and profits awarded to Baker Hughes Incorporated as authorized by 15 U.S.C. § 1117;

h. awarding the maximum statutory damages for willful use of counterfeit mark LITEPROP® as authorized by 15 U.S.C. § 1117(c);

i. granting Baker Hughes Incorporated pre-judgment and post-judgment interest on the damages caused to Baker Hughes Incorporated by reasons of Defendants' activities complained of herein at the highest rates allowed by law;

j. finding that this is an exceptional case and awarding Baker Hughes Incorporated its reasonable and necessary attorneys' fees in accordance with 15 U.S.C. § 1117;

k. awarding costs to Baker Hughes Incorporated;

l. holding Defendants jointly and severally liable for all damages, fees, and costs awarded to Baker Hughes; and

m.  awarding Baker Hughes Incorporated such other and further relief, at law or in equity, as the Court may deem just and proper under the circumstances.

Dated: October 28, 2015

Respectfully submitted,

SUTTON MCAUGHAN DEAVER PLLC

_____
Albert B. Deaver, Jr.
Admitted 10/21/2015
Three Riverway, Suite 900
Houston, Texas 77056
Telephone: (713) 800-5703
Facsimile: (713) 800-5699
Email: adeaver@SMD-IPLaw.com

13